## Gring's Appeal.

A devise "unto my brothers and sisters, or their children or heirs at law," vests the property devised in the brothers and sisters of the testator, and in the children of deceased brothers and sisters, the latter to take by classes.

APPEAL from the Orphans' Court of *Berks county*.

This was an appeal by Henry Gring and others, from the decree of the Orphans' Court, distributing the balance in the hands of Benjamin Parvin, executor of John Yeich, deceased.

John Yeich died in 1844, leaving two brothers and one sister, and the children of three deceased sisters. By his will, he devised his farm to his widow for life, and after her decease, " that the proceeds of said farm be and fall unto my brothers and sisters, or their children or heirs at law." He also bequeathed one-third part of his personal property to his widow, " and the remainder to be equally divided among my brothers and sisters, or their heirs; that is Henry Yeich, Samuel Yeich, the children of my sister Sarah, late wife of Abraham Reeser, and the children of my sister Susanna, late wife of John Hemmig, deceased, my sister Catharine, and the children of my sister Elizabeth, late wife of Henry Gring, deceased."

The fund for distribution consisted wholly of the proceeds of the real estate, and was reported by the auditor to be equally divided between the brothers and sister of the testator, and the children of his deceased sisters, the latter to take by classes. To this report exceptions were filed, and the court below decreed the whole of the fund to the surviving brothers and sister, to the exclusion of the children of the deceased sisters. From this decree the latter took this appeal.

*Davis* and *Rhoads*, for the appellants, cited 2 *Williams on Executors* 937; Wild's Case, 8 *Co.* 16 *b*, 17 *b;* Newman *v.* Nightingale, 1 *Cox* 341; Longmore *v.* Broom, 7 *Ves.* 124; Richardson *v.* Spraag, 1 *P. Wms.* 434; Stoner and Barr's Appeal, 2 *Barr* 428.

*H. W. Smith*, for the appellees, cited Krause *v.* Beitel, 3 *Rawle* 203; Sloan *v.* Hanse, 2 *Id.* 28; Gross's Estate, 10 *Barr* 361; Herr's Estate, 4 *Casey* 467, 470, 471; Sorver *v.* Berndt, 10 *Barr* 214; Smith *v.* Folwell, 1 *Binn.* 559; Dickinson *v.* Byron's Executors, 8 *S. & R.* 71; Dickinson *v.* Lee, 4 *Watts* 82.

PER CURIAM.—The testator was dying, leaving two brothers and a sister, and the children of three sisters, and he devised the proceeds of his land " to his brothers and sisters, or their children or

heirs." By this we very naturally understand that he intended the living brothers and sisters, and the children of the deceased sisters, to be the objects of his bounty; the children of the deceased sisters to take by classes. Such is our customary mode of descents, and so we understand such words as the above, unless qualified by other words. In disposing of his personal property, he describes them as " brothers and sisters or their heirs," and says that he means his living brothers and sisters, and the children of his deceased sisters; and twice afterwards he calls them " brothers and sisters or their children," without saying that he means anything different. We have lately presented the principle of interpretation in such a case as this, in Fissel's Appeal, 27 S. R. 55, and we need not repeat it.

> Decree reversed, and it is now here decreed that the report of the auditor be confirmed, and that distribution be made accordingly, and that the costs of this appeal be paid out of the fund, and the cause is remitted to the Orphans' Court, that this decree may carried into effect.